■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER DAVIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 24, 1981, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, indictment dismissed, and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Findings of fact have not been considered.

The evidence established that the defendant and the decedent, Dorothy Goodson, had lived together for some time and that the defendant considered the decedent's children as his own. On the day of the incident, the defendant and the decedent, together with the decedent's children, were in the apartment of their friend, Bruce Brown. Brown testified that while he was in the bedroom, with the door closed, he heard the defendant and the decedent in the bathroom talking loudly back and forth, "like arguing"; however, he was unable to ascertain what they were talking about. It is undisputed that the defendant and the decedent were alone in the bathroom when a shot was fired which caused the decedent's death. After the shooting, Brown rushed into the bathroom, where he found a gun lying on the bathroom floor, and the defendant, extremely upset, was holding the decedent in his arms, trying to rouse her. Defendant stated, "Help me, help me", and "It was an accident". Later, as Brown and the defendant tried to revive the decedent in the bedroom of the apartment, the defendant further stated, "the gun went off, it was an accident".

Thereafter, Brown told the defendant that they had to lie about the fact that the decedent was shot in the apartment and state that the decedent had come to the apartment already shot because Brown had recently moved into the apartment and he did not want the incident tied to his home. The defendant agreed to tell Brown's story, which the defendant, still upset, repeated to the police at the hospital where the decedent had been taken. Subsequently, Brown, who had earlier secreted the gun he had found lying in the bathroom, gave the weapon to the police.

There was no evidence as to who brought the gun into the bathroom, or as to who was holding the gun when it was fired. In

addition, neither the associate medical examiner's testimony nor the ballistics evidence ruled out the defense theory that the gun went off accidentally.

Under these circumstances,

"there is nothing which leads inescapably to the conclusion that the defendant was responsible or that his conduct, if negligent, constituted a 'gross deviation from the standard of conduct that a reasonable person would observe in the situation' (Penal Law, § 15.05, subds 3, 4) * * *

"[E]ven assuming that the weapon was in the defendant's hand at the time of the shooting, neither this circumstance nor any other factors in this case compels the inference that the manner in which the defendant handled the weapon, if negligent, rose to the level of a criminal act" (*People v Montanez,* 41 NY2d 53, 57-58).

Accordingly, reversal of the judgment and dismissal of the indictment is warranted since the evidence is insufficient to sustain the convictions for the crimes charged, or any lesser included offenses (see *People v Montanez, supra,* p 59).

In light of our determination, we need not and do not reach the other issues raised upon the appeal. Titone, J. P., Bracken and Boyers, JJ., concur.

Lawrence, J., dissents and votes to affirm the judgment of conviction, with the following memorandum: The principal issue on this appeal is whether the evidence offered at trial, circumstantial in nature, was sufficient to establish the defendant's guilt of manslaughter in the second degree beyond a reasonable doubt. In considering the issue, the People are not bound to prove guilt beyond all doubt but only that "the hypothesis of guilt should flow naturally from the facts proved, and be consistent with them; and the facts proved must exclude 'to a moral certainty' every reasonable hypothesis of innocence * * * In the end the application of the test becomes 'a question whether common human experience would lead a reasonable man, putting his mind to it, to reject or accept the inference asserted for the established facts'" (*People v Benzinger,* 36 NY2d 29, 32).

Upon the facts of the instant case, I conclude that sufficient evidence was adduced by the People to support the jury's verdict.

First, there is the testimony of Bruce Brown that both the defendant and the decedent were having an argument while in the bathroom. Second, there was no physical proof nor any testimony supporting the defense theory that the gun was fired during a struggle. The inference that it was defendant who fired the shot was strengthened by the defendant's conscious attempt

to dispel suspicion from himself by stating to the police that he was "going to get the guy or whoever did this to [the decedent]". While defendant indicated that it was an accident and that the gun went off, such statements did not preclude an inference that the defendant had wielded the gun.

Finally, the evidence of the delay in calling for an ambulance while Brown secreted the gun, the cleaning of the bathroom immediately after the incident and prior to the arrival of the ambulance, and the defendant's false statement to the police concerning how the decedent was shot, when considered with the other evidence in this case, is entitled to "a moderate degree of probative force" (*People v Benzinger, supra,* pp 33-34).

I would thus hold that there was sufficient evidence to logically support the inference that the defendant recklessly caused the death of the decedent to the exclusion of any other reasonable hypothesis.

The other contentions raised by defendant are without merit.